DICKINSON,
Justice, concurring in result only.
¶ 45. Because I cannot agree with the majority’s construction of Mississippi Code Section 91-1-15, I respectfully concur in result only. Our analysis of this matter necessarily must begin and end with the plain language of the statute. See Miss. Code Ann. § 91-1-15 (Rev.2004). Section 91-1-15(3) provides that “[a]n illegitimate shall inherit from and through the illegitimate’s natural father and his kindred ... if ... [tjhere has been an adjudication of paternity after the death of the intestate. ... However, no such claim ... shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate .... ” Miss.Code Ann. § 91-1-15(3) (Rev.2004) (emphasis added). I cannot agree with the majority’s reading of “the intestate” to mean “natural father.” (Maj. Op. at ¶ 16). The plain language of the statute states that an illegitimate child shall inherit from his natural father’s kindred as long as there is an adjudication of paternity within one year of the death of the intestate. In the case sub judice, “the intestate” from which Leach and her siblings seek to inherit is Thelma McCullough. Leach attempted to establish paternity within a year of McCullough’s death. Therefore, Leach’s action to adjudicate paternity so as to inherit from Thelma McCullough was timely brought. However, because I cannot say the chancellor committed manifest error in finding Leach and her siblings provided insufficient evidence to support an adjudication of paternity, the judgment of the trial court should be affirmed.
LAMAR AND KITCHENS, JJ., JOIN THIS OPINION.